# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE SAMUEL, et. al., | Case No.: 2:03-cv-0986-RLH-RJJ |
| Plaintiffs, | (Lead Case) |
| | Case No.: 2:04-cv-0276-RLH-RJJ |
| vs. | **O R D E R** |
| LAS VEGAS SANDS, INC., | (Motion for Summary Judgment–#133) |
| Defendant. | |
| LAS VEGAS SANDS, INC., | |
| Plaintiffs, | |
| vs. | |
| WORLD WIDE TELE-SPORTS LTD.; et al., | |
| Defendants. | |

Before the Court is Plaintiff (in consolidated case 04-cv-0276) Las Vegas Sands'
**Motion for Summary Judgment** (#133), filed December 15, 2006.  The Court has also
considered the Opposition (#141) by Defendants George Samuel, Sands of the Caribbean Ltd.,
Peak Entertainment, NV, and Peak Management Group Ltd., (collectively referred to herein as
"Defendants"), filed January 3, 2007, and Plaintiff's Reply (#149), filed January 17, 2006.

1

AO 72
(Rev. 8/82)

**BACKGROUND**

Plaintiff is the registrant of the mark SANDS, issued on September 14, 1982, for gambling and casino services. Plaintiff used the SANDS mark with its Las Vegas casino "The Sands" before the casino was demolished in 1996. (Mot. 3.) Plaintiff renewed the SANDS registration on October 30, 2002. Plaintiff alleges that during the time spanning the casino's demolition, until its renewal, the SANDS mark was licensed to the Sands Hotel and Casino in Atlantic City. (Mot. 2, Reply 6.) No other facts are alleged as to Plaintiff's use of the SANDS mark during this time-span. Defendants object that "[Plaintiff] fails to inform the Court that the Sands Hotel and Casino of Atlantic City has stated under oath that it is the owner of the SANDS mark. (Exhibit C)." (Opp'n 8.) However, there is no "Exhibit C" attached to the Opposition.

Defendants are affiliated with the online casino "Sands of the Caribbean." The Defendants began online operations in approximately August 1997. The Defendants are the registrants of THE SANDS OF THE CARIBBEAN mark, issued on March 23, 1999.

Plaintiff claims that Defendants' operation is likely to confuse Plaintiff's customers. Plaintiff now moves the Court to grant summary judgment against Defendants for trademark infringement. Because there is still a genuine issue of material fact, the Motion is denied.

**DISCUSSION**

Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). All justifiable inferences are to be drawn in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

AO 72
(Rev. 8/82)

1    Defendants claim that Plaintiff abandoned the SANDS mark when "The Sands"

2   casino was demolished in 1996.  Plaintiff counters that the SANDS mark registration was renewed

3   on October 30, 2002, "and the SANDS mark was licensed to the Atlantic City Sands since 1996."

4   (Reply 6) (citing 15 U.S.C. § 1055 (use of a mark by a licensee inures to the benefit of the

5   licensor)).  Plaintiff therefore asserts that licensing the SANDS mark to another casino during the

6   1996-2002 time period precludes a ruling of abandonment.  However, this is not the law.

7   According to 15 U.S.C. 1127:

8        A mark shall be deemed 'abandoned' if . . . use has been discontinued with intent
         not to resume such use.  Intent not to resume may be inferred from circumstances.
9        *Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.*
         "Use" of a mark means the bonafide use of such mark made in the ordinary course
10       of trade, and not made merely to reserve a right in a mark.

11  (emphasis added).  Therefore, the fact that the SANDS mark was renewed on October 30, 2002,

12  provides little evidence that the mark was not abandoned between the demolition in 1996 and

13  2002.  Given the law, and the current Court record, prima facie evidence of abandonment exists.

14       Furthermore, Plaintiff claims that the Atlantic City Sands use of the SANDS mark

15  should inure to the benefit of Plaintiff pursuant to 15 U.S.C. § 1055, and thus preclude an

16  abandonment defense.  However, the Ninth Circuit has specifically not allowed this type of benefit

17  to inure to a licensor.  *Barcamerica Int. USA Trust v. Tyfield Importers, Inc.*, 289 F. 3d 589, 592,

18  598 (9th Cir. 2002) (a licensee's use of a mark did not preclude a ruling of abandonment against

19  the licensor).  In *Barcamerica*, the Ninth Circuit held that the plaintiff's insufficient control over

20  the licensee's use of the mark was an "*inherently deceptive*" practice which "constitute[d]

21  abandonment of any rights to the trademark by the licensor."  *Id.* at 598.

22       Whether the Plaintiff abandoned the SANDS mark is material to this case.

23  Abandonment depends on the Plaintiff's "intent not to resume . . . use" of the mark.  15 U.S.C.

24  1127.   Whether Plaintiff intended not to resume use of the mark is a material fact.  A reasonable

25  jury could determine with the evidence on record that Plaintiff has abandoned its rights to the

26  SANDS mark. Therefore, because there is still a genuine issue to be resolved as to this material

3

AO 72
(Rev. 8/82)

1    fact, summary judgment will be denied.  Also, because this material question of fact alone requires

2    a denial of the Motion, the Court declines to address the other issues raised by Plaintiff in support

3    of its Motion.

4                                                    **CONCLUSION**

5            Accordingly, and for good cause appearing,

6            IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#133)

7    is DENIED.

8

9            Dated:   February 26, 2007.

10

11    _____

      **ROGER L. HUNT**

12    **Chief United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)