# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE SAMUEL, et. al., | Case No.: 2:03-cv-0986-RLH-RJJ |
| Plaintiffs, | (Lead Case) |
| | Case No.: 2:04-cv-0276-RLH-RJJ |
| vs. | **O R D E R** |
| LAS VEGAS SANDS, INC., | (Motion for Summary Judgment–#139) & |
| Defendant. | (Motion to Strike-#154) |
| LAS VEGAS SANDS, INC., | |
| Plaintiff, | |
| vs. | |
| WORLD WIDE TELE-SPORTS LTD.; et al., | |
| Defendants. | |

Before the Court is Defendants Betcorp Limited and Tasman Gaming Inc.'s **Motion for Summary Judgment** (#139), filed December 21, 2006. The Court has also considered Las Vegas Sand's ("Plaintiff") Opposition (#144), filed January 8, 2007. No Reply was filed.

Also before the Court is Defendants' **Supplemental Affidavit of Justin Gisz in Support of Betcorp Limited and Tasman Gaming Inc.'s Motion for Summary Judgment**

1

1  (#153), filed February 20, 2007. The Court has also considered Plaintiff's **Motion to Strike the**

2  **Supplemental Affidavit** (#154), filed February 26, 2007.

3        Also before the Court is Plaintiff's **Verified Emergency Motion to Continue the**

4  **Dates For the Pre-trial Order and Trial** (#151), filed February 12, 2007. The Court has also

5  considered the Defendants' Oppositions (#156 & #157), filed March 2, 2007, and Plaintiff's Reply

6  (#158), filed March 5, 2007.

### BACKGROUND

8        World Wide Tele-Sports Ltd. ("WWTS") operated as an online casino and

9  sportsbook from 1997 - 2002. Plaintiff alleges that during this time, WWTS infringed upon the

10  SANDS trademark by using the "Sands of the Carribean" trademark in conjunction with both its

11  online casino and sportsbook. Further, Plaintiff contends that the websites "carsands.com" and

12  "thesands.com," utilized by WWTS for the online casino and sportsbook, infringed upon the

13  SANDS mark.

14        In 2002 WWTS sold the various components of its online casino and sportsbook.

15  Tasman Gaming, Inc. ("Tasman"), a wholly-owned subsidiary of Betcorp, Ltd. ("Betcorp")

16  (collectively "Defendants"), purchased the sportsbook assets from World Wide Tele-Sports Ltd.

17  Thereafter, WWTS ceased doing business and ultimately dissolved. Tasman now operates a

18  sportsbook in Antigua using the trademark WWTS.

19        Defendants claim they have not used either the offending websites, nor the

20  allegedly offensive mark, "Sands of the Carribean," since purchasing the sportsbook from WWTS.

21  Plaintiff however proceeds on the theory that Defendants are merely continuations of WWTS and

22  are therefore still liable for the actions of WWTS.

### DISCUSSION

24        Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as

25  to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R.

26  Civ. P. 56(c). The moving party for summary judgment has the initial burden of showing the

absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). All justifiable inferences are to be drawn in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Defendants do not contend that the actions of WWTS were non-infringing. Rather, Defendants contend that they are not liable for any actions of WWTS prior to Defendants' purchase of the sportsbook, and that subsequent to the purchase, Defendants have not infringed the SANDS mark. Plaintiff has submitted sufficient evidence for the Court to find that WWTS' activities were sufficient for a jury to find WWTS liable on the Plaintiff's claims. Consequently, the Court is only left to decide if there is any material issues of fact as to whether Defendants could be held liable for the alleged infringement. (Mot. 3.)

**Corporations: Successor Liability**

Defendants claim that Plaintiff has made no successor liability claim in this case. However, the Court finds that the Complaint adequately states a claim for successor liability. (*See* Compl. ¶ 6.) Plaintiff claims that the Defendants are a mere continuation of WWTS and thus may be held liable. The Supreme Court has stated that "when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where . . . (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to escape liability." *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 182 n.5 (1973). While not dispositive, there are two required elements for characterizing a corporation as a mere continuation of a prior corporation: (1) only one corporation remains after the transfer of assets; and (2) there is an identity of stock, stockholders, and directors between the two corporations. *U.S. v. Carolina Transformer Co.*, 978 F.2d 832, 838 (4th Cir. 1992); *see also Village Builders 96, L.P. v. U.S. Laboratories, Inc.*, 112 P.3d 1082, 1090-91 (Nev. 2005).

Plaintiff has submitted sufficient evidence so that a jury could find Defendants are a mere continuation of WWTS. Plaintiff has submitted evidence that WWTS is now dissolved, and that the dissolution took place soon after the remaining assets were transferred to Defendants. Tasman's CEO testified that Tasman was created for the sole purpose of purchasing the WWTS assets, that Tasman thereafter sold 100% of its stock to Betcorp, and that this process was a "reverse merger." There is an identity of stock and stockholders between the two corporations, and also, the former owner of WWTS now owns a substantial share of Betcorp via various family trusts. Key leaders of WWTS now maintain key positions with Defendants after the "reverse merger." Plaintiff has also submitted evidence that Defendants still hold themselves out as the original WWTS organization and therefore have benefitted, and continue to benefit, from the past infringing activities of WWTS. This and other evidence allows for the possibility of liability on a continuation theory. Vis à vis this evidence, the Court cannot find that Defendants have met their burden. Therefore, the Motion for Summary Judgment will be denied.

**Motion to Strike**

Defendants have filed a "Supplemental Affidavit of Justin Gisz in Support of Betcorp Limited and Tasman Gaming Inc.'s Motion for Summary Judgment." (#153.) Plaintiff has filed a Motion to Strike this Affidavit, or in the alternative to be permitted additional discovery, and also requested sanctions. (#154.)

The Court understands the Motion to Strike as a means to protect Plaintiff from an adverse ruling on the Motion for Summary Judgment. (#133.) Since the Court found in Plaintiff's favor on the summary judgment motion, the Motion to Strike will be denied as moot. The Court agrees that Plaintiff should be allowed to depose Mr. Gisz given the information he testified to in his affidavit. Accordingly, the Court will order that the Defendants make Mr. Gisz available for deposition within two weeks of the entry of this Order.

AO 72
(Rev. 8/82)

**Motion to Continue**

Plaintiff has not been able to complete discovery as of yet because nine (9) discovery motions are still pending. However, now a proposed joint pre-trial order has been filed (#170), accompanied with ten (10) motions in limine (#160-#169), which discuss the concerns associated with the pending discovery motions. The Court therefore will address the parties' discovery concerns through the motions in limine process. The Court indicated its reticence to further delay this trial when the Court granted Plaintiff's last motion to continue. For these reasons, the Court will deny the motion to continue.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#139) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike the Supplemental Affidavit (#154) is DENIED as moot. However, the Defendants are ORDERED to make Mr. Gisz available for deposition within two weeks of the entry of this Order.

IT IS FURTHER ORDERED that Plaintiff's Request for Sanctions (#154) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Verified Emergency Motion to Continue the Dates for the Pre-trial Order and Trial (#151) is DENIED.

Dated: March 13, 2007.

_____
ROGER L. HUNT
Chief United States District Judge